I<small>N THE</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
<small>FOR THE</small> D<small>ISTRICT OF</small> N<small>EW</small> M<small>EXICO</small>

ALICE BARCZAK,

       Plaintiff,

v.                                              No. CIV 09-29 BB/RHS

UNIVERSITY OF NEW MEXICO
HOSPITAL,

       Defendant.

## M<small>EMORANDUM</small> O<small>PINION</small>
## S<small>UPPORTING</small> O<small>RDER OF</small> D<small>ISMISSAL</small>

THIS MATTER is before the Court on the Motion of the University of New Mexico Hospital ("UNMH") to dismiss Plaintiff's claims pursuant to F<small>EDERAL</small> R<small>ULE OF</small> C<small>IVIL</small> P<small>ROCEDURE</small> 12(b)(1). Plaintiff having failed to respond and the Court being persuaded Defendant's position is correct, the Complaint will be Dismissed.

*Discussion*

*Facts*

Defendant UNMH is a hospital in Albuquerque, New Mexico, operated by the University of New Mexico Health Sciences Center.

Plaintiff's complaint alleges that her employment with UNMH includes a health plan under which she can obtain medical care at UNMH. She further alleges that such care for her condition was unavailable and she was required to obtain it elsewhere. She further alleges that she is entitled to "lost pay" because money is being withheld from her paycheck.

**Plaintiff's employment with UNMH is controlled by a collective bargaining agreement between UNMH and the National Union of Hospital and Health Care Employees District 1199NM ("the CBA"). Plaintiff's complaint alleges wrongdoing in connection with benefits and payment of wages which fall within the terms of the CBA. Plaintiff's claims are thus governed by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.**

<u>*Legal Analysis*</u>

**A.**     *Plaintiff Failed to Respond*

**Defendant's filed their Motion to Dismiss Plaintiff's Complaint on April 14, 2009. Under Rule 7.6(a) of the Rules of Civil Procedure for the District of New Mexico, Plaintiff had fourteen calendar days to respond. Plaintiff's failure to "serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).**

**B.**     *Plaintiff Must Exhaust Union Grievances*

**Reviewing the unrebutted facts advanced by Defendant, it seems clear this Court is presently without jurisdiction to resolve this dispute.**

**Plaintiff was a UNMH employee covered by the terms of the CBA. Her complaint alleges that she was denied health benefits improperly within the terms of her employment agreement. It is uncontested that Plaintiff's claims regarding health benefits are covered by the terms of the CBA. *See* CBA, Article XIX(B) ["the hospital agrees to provide employees with ... medical and dental insurance programs"] and (F) ["A special health care committee shall be established for the purpose of reviewing and making recommendations regarding the health care offered to employees at University Hospital."]**

**Plaintiff's complaint further alleges improper withholdings from her wages and seeks "catastrophic pay" for time that she did not work. Plaintiff's claims regarding payment of wages are covered by the terms of the CBA. The CBA provides a grievance procedure for the resolution of all disputes or claims regarding the application or breach of the CBA. Plaintiff has not utilized this grievance procedure specified in the CBA. The provisions of 29 U.S.C. § 185 preempt both state contract claims arising under a collective bargaining agreement and state tort claims that are "inextricably intertwined with consideration of the terms of the labor contract."** *See Allis-Chalmers Corp. v. Lueck*, **471 U.S. 202, 210-13 (1985);** *Cisneros v. ABC Rail Corp.*, **217 F.3d 1299, 1302 (10th Cir. 2000).**

## CONCLUSION

**For the above stated reasons, Plaintiff cannot bring this lawsuit because she has not properly grieved her claims pursuant to the CBA, and Defendant's Motion will be GRANTED.**

*/s/ Bruce D. Black*

**BRUCE D. BLACK**
**United States District Judge**